UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NERI TAWFIQ,

        Plaintiff,

v.

CHRISTOPHER CAULEY,

        Defendant.
_____/

Case No. 22-cv-10176

Paul D. Borman
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER:**
**(1) ADOPTING MAGISTRATE JUDGE PATRICIA T. MORRIS'S AUGUST 29, 2022 REPORT AND RECOMMENDATION (ECF NO. 21);**
**(2) OVERRULING PLAINTIFF NERI TAWFIQ'S OBJECTION (ECF NO. 22);**
**(3) GRANTING DEFENDANT CHRISTOPHER CAULEY'S MOTION TO DISMISS (ECF NO. 15); AND**
**(4) DISMISSING CASE WITHOUT PREJUDICE**

On August 29, 2022, Magistrate Judge Patricia T. Morris issued a Report and Recommendation to grant Defendant Christopher Cauley's Motion to Dismiss, and to dismiss Plaintiff Neri Tawfiq's complaint without prejudice. (ECF No. 21, Report and Recommendation ("R&R").) On September 12, 2022, Plaintiff Neri Tawfiq filed a document titled "Objection No. 1 to Defendant's Motion for Summary Judgment." (ECF No. 22, Pl.'s Obj.)

The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the Report and Recommendation to which

specific and timely objections have been filed, OVERRULES Plaintiff's Objection, GRANTS Defendant's Motion to Dismiss, and DISMISSES this case WITHOUT PREJUDICE.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The procedural history and background facts related to Defendant's Motion to Dismiss are set forth in the Magistrate Judge's Report and Recommendation, and will not be repeated here in full. (See ECF No. 21, R&R, PageID.143-46.)

As an overview, Defendant Christopher Cauley, the Director of the Saginaw Veterans Affairs (VA) Medical Center, terminated Plaintiff Neri Tawfiq's employment as a Staff Pharmacist at the Medical Center, upon the recommendation of Tawfiq's supervisor, Theresa Dufresne, due to poor conduct during his probationary period. That same day, Tawfiq had an alleged "outburst" and VA officials subsequently implemented a "patient flag" on Tawfiq's medical chart which required Tawfiq to check in with VA police whenever he arrived at a VA facility for a medical appointment.

On June 16, 2021, Tawfiq sent an email to Cauley, Dufresne, and three other VA employees, in which he stated: "You will be held accountable for the hell you have put me throw [sic]. If you think you want [sic], then you are sadly mistaken." (ECF No. 1, Compl., PageID.51.) Plaintiff alleges that the same day, after this email, Cauley was responsible for two Saginaw police officers arriving at Tawfiq's

apartment to check on Tawfiq while he was engaged in an on-line therapy session, which resulted in Tawfiq being handcuffed and transported to the Saginaw County Jail.

On January 27, 2022, Tawfiq filed a Complaint against Cauley in this Court, alleging that Cauley engaged in "defamation to the City Saginaw Police Station" and "gave false allegations and threats that never occurred from me." (ECF No. 1, Compl., PageID.5.)[1] Tawfiq further alleges that Cauley fabricated "termination of [Tawfiq's] employment and putting a [] Category I Threat Red Flag on [his] profile nationwide to all of VA facilities." (*Id.*)

On May 12, 2022, Defendant Cauley filed a motion to dismiss Tawfiq's Complaint, arguing that Tawfiq fails to identify a proper basis for this Court's jurisdiction and, even if the Court had jurisdiction, Tawfiq fails to state a claim. (ECF No. 15, Def.'s Mot.)

Tawfiq did not file a response to Defendant's motion to dismiss, but instead only filed a request for a hearing before the Court, stating that he believed the AUSA

---

[1] Tawfiq has filed seven additional lawsuits against Cauley and other VA employees allegedly involved in his termination and the placement of the behavioral flag on his patient record. *See Tawfiq v. Dufresne*, Case No. 21-cv-10976 (dismissed on December 21, 2021); *Tawfiq v. Johnson*, Case No. 22-cv-10163 (dismissed on January 28, 2022); *Tawfiq v. Dufresne*, Case No. 22-cv-10164; *Tawfiq v. Hines*, Case No. 22-cv-10175; *Tawfiq v. Hines*, Case No. 22-cv-10328; *Tawfiq v. McDonough*, Case No. 22-cv-10928; and *Tawfiq v. Cauley*, Case No. 22-cv-10245.

3

assigned to this matter "submitted fraudulent statements to" the Court, without further elaborating on the statement. (ECF Nos. 16, 17.)

This case was referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings. (ECF No. 18.) The Magistrate Judge informed Tawfiq that she would decide Cauley's motion to dismiss without a hearing (ECF No. 19), but Tawfiq nevertheless again moved for a hearing. (ECF No. 20.)

On August 29, 2022, Magistrate Judge Morris issued a Report and Recommendation (R&R), recommending that Defendant Cauley's motion to dismiss be granted and that Plaintiff's Complaint be dismissed without prejudice. (ECF No. 21, R&R.) The Magistrate Judge determined that Tawfiq brings two potentially cognizable claims against Cauley: a state law defamation claim and a state law false arrest claim. The Magistrate Judge concluded that this Court lacks subject matter jurisdiction over Tawfiq's Complaint and that it therefore should be dismissed.

On September 12, 2022, Plaintiff filed a document titled "Objection No. 1 to Defendant's Moti[o]n for Summary Judgment." (ECF No. 12, Pl.'s Obj.) Plaintiff's "Objection" states:

> Plaintiff recommendation, please give me the proper respect and treatment me as a human being. I have submitted the same government documents over and over again, and some how the Judge is not receiving all the Federal documents. I can take full responsibility for the Burden of Proof, if I am allowed to appear in front of the Judge, that is no problem for me. I can prove that defendant did not act accordingly within the scope of employment, also the defendant performed in perjury on Federal documents, and submitted fraudulent information to

4

> Department of United States Veteran Affairs as well as the Federal Court, and State Court.
>
> I mean no disrespect for the words that follow this sentence. If my nationality was of caucasian decent [sic], I would have been allowed to appear in-front of a Judge years ago.

(ECF No. 12, PageID.112-13.)

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify

5

any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III.  ANALYSIS

Plaintiff's Objection fails to state any specific objections to the Magistrate Judge's Report and Recommendation or demonstrate how the Magistrate Judge's recommendation was erroneous. In fact, Plaintiff filed this identical "objection" in four of his other cases, involving different defendants and different claims. The Magistrate Judge's R&R expressly discussed the standards regarding Objections pursuant to Fed. R. Civ. P. 72(b)(2) and E.D. Mich. Local Rule 72.1(d), and required that "[a]ny objections must be labeled as 'Objection No. 1,' and 'Objection No. 2,' etc." and "must recite precisely the provision of this R&R to which it pertains." (ECF No. 21, R&R, PageID.160-61.) Plaintiff's Objection fails to follow these requirements but instead is in the form of a generalized disagreement with the Magistrate Judge's recommendation. This Objection fails to include any developed argument or cite to any legal authority holding contrary to the conclusions reached

6

by the Magistrate Judge, and fails to identify any specific issues the Magistrate Judge allegedly determined in error in the R&R.

It is well settled in the Sixth Circuit that "merely express[ing] a general disagreement with the magistrate judge's legal analysis," is not sufficient to preserve objections to a magistrate judge's recommendation. *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). "A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object, and an objection that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Id.* (citing *Howard*, 932 F.2d at 509) (quotations omitted). "[F]ailure to file specific objections to a magistrate [judge's] report constitutes a waiver of those objections, and the Court is not required to conduct a de novo review of the issues addressed by the magistrate judge." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

By failing to identify any discrete issue or present any developed factual or legal basis in support of his general "objection," Tawfiq has waived any objection to the substantive analysis of the Magistrate Judge's Report and Recommendation. Tawfiq has not advanced a sufficient ground for determination that the Magistrate Judge erred in her findings of fact or law. Therefore, Tawfiq has waived any further

challenge to the Magistrate Judge's substantive analysis which, so far as the record shows and the case law on point hold, was well reasoned and correct as a matter of fact and law.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

**(1) OVERRULES** Plaintiff's Objection (ECF No. 22);

**(2) ADOPTS** Magistrate Judge Morris's August 29, 2022 Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 21);

**(3) GRANTS** Defendant's Motion to Dismiss (ECF No. 15); and

**(4) DISMISSES** this case **WITHOUT PREJUDICE**

IT IS SO ORDERED.

Dated: December 22, 2022

s/Paul D. Borman
Paul D. Borman
United States District Judge